FILED
United States Court of Appeals
Tenth Circuit

October 23, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID WHITMORE,

        Petitioner - Appellant,

v.

JANET DOWLING, Warden,

        Respondent - Appellee.

No. 13-6162
(D.C. No. 5:12-CV-01408-M)
(W.D. Okla.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

David Whitmore, a state prisoner proceeding *pro se*, applied for relief

under 28 U.S.C. § 2241 in the United States District Court for the Western

District of Oklahoma. The district court denied the application. Mr. Whitmore

now seeks a certificate of appealability ("COA") from this court so that he may

appeal the district court's denial. See Montez v. McKinna, 208 F.3d 862, 868-69

(10th Cir. 2000) (requiring a COA to appeal dismissal of habeas petition brought

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by state prisoner under 28 U.S.C. § 2241). We deny Mr. Whitmore a COA and dismiss this matter.

## BACKGROUND

Mr. Whitmore is serving a 35-year sentence, entered in February 1989, for his conviction on a first degree manslaughter charge. He is currently incarcerated at the Joseph Harp Correctional Center located in Lexington, Oklahoma. The disciplinary proceeding that was the subject of the § 2241 petition below and is the subject of this appeal was conducted at the Lawton Correctional Facility ("LCF") where Mr. Whitmore was previously confined.

As described by the district court, the relevant facts are as follows: On July 28, 2009, an LCF official, Mr. Parham, authored an Offense Report in which Mr. Whitmore was charged with the misconduct offense of assault/battery with injury. In his description of the offense, Mr. Parham stated that, "after further interview with the offender it was determined that offender Whitmore was involved in a physical altercation with another offender causing injury to the other offender . . ." Supp. Report & Recommendation at 2 (adopted by the district court), R. Vol. 1 at 90. Mr. Whitmore's handwritten statement, dated July 28, 2009, and written on a form titled "T.A.S.K. Conflict Resolution Form 100," described the event as follows:

[m]y younger Homie and another guy from a rival gang got into at breakest, one from the rival gang dissed . . . my young Homie from PLAYBOY GANGSTA CRIP, by saying pass the peanut butter, they started arguing, his homies started talking loud, so I interject into the convo. and tried to take controll of the situation, and did a pretty good, well one of the guy didn't like what I was saying and they started cussing me out, one got in my face, the other pushed his tray into me, and told me to stay out of it. Well I didn't, because I knew the history of the two gangs and I didn't want it to be gang against gang fight. The Hoovers had been running wild and this little thing could have set it off. While trying to talk to the guy from Hoover, they started fighting, and I'm trying to break them up and got hit. But when it was all said and done I was able to keep it from getting out of hand, and spreading to another housing unit.

Id.

LCF Investigating Officer Kirkpatrick completed an Investigator's Report dated August 7, 2009. This report indicates that Mr. Whitmore requested to call two witnesses, inmate "King," who supposedly would testify that Mr. Whitmore "was not fighting," and the alleged victim, who would testify that he (Mr. Whitmore) "did not assault him [the victim]." Id. at 91. Mr. Whitmore also requested a "video" as documentary evidence. Officer Kirkpatrick determined that "King" was not qualified to be a witness because there were three inmates with that last name in the housing unit in which Mr. Whitmore stated "King" was confined, and Mr. Whitmore "could not be more specific as to which offender King it was." Id. Officer Kirkpatrick elected to take a statement from the alleged victim, but the victim refused to give a statement.

-3-

Mr. Whitmore received a copy of the offense report on September 16, 2009, and he requested a hearing. In the disciplinary hearing conducted on September 18, 2009, Mr. Whitmore presented a written statement by another inmate who denied that Mr. Whitmore was involved in the "fight" but admitted that Mr. Whitmore was "hit in the eyes by somebody else" while "trying to break up the fight that day." Id. at 91. Medical records presented at the hearing indicated that three inmates, including Mr. Whitmore, sustained injuries in the incident. Mr. Whitmore's handwritten statement was also presented at the hearing.

Mr. Whitmore was found guilty of the offense. To support the finding of guilt, the disciplinary hearing officer explained in his written report of the hearing that, "Sgt. Parham states that on 28 July 2009 at 0700 hours a 10-10 offender on offender fight was called in House 2 E pod. After further interview with [Mr. Whitmore] it was determined that [Mr. Whitmore] was involved in a physical altercation with [the alleged victim]," "[b]ody sheets show injuries to both offenders, as well as injuries to [a third offender]," and "staff has nothing to gain by fabricating the event." Id. at 92. As punishment, Mr. Whitmore was sentenced to disciplinary segregation for thirty days, a loss of 365 earned credits and a reduction to classification level 1 for 90 days. The head of the facility (LCF) affirmed the misconduct finding and the punishment.

Mr. Whitmore appealed the misconduct to LCF Warden Miller. Mr. Whitmore claimed there was insufficient evidence to support the misconduct finding and that he never received a written statement supporting the guilty finding. Mr. Whitmore further averred that he "never said that he was involved in any fight, ONLY that he was trying to prevent a potential gang fight between 2 other inmates," and "the injury report [described] injuries that he received getting in between some offenders that were fighting." Id. Mr. Whitmore also claimed that the disciplinary hearing officer "did not do any fact finding, all he done was record keeping." Id. Warden Miller affirmed the misconduct finding and the punishment imposed.

Mr. Whitmore appealed that decision to the Oklahoma Department of Corrections' Administrative Review Authority ("ARA"). Mr. Whitmore again asserted that he was not fighting but was merely "breaking up a fight between two offenders" and that "[b]oth of these inmates plead guilty to their offense reports." Id. at 92-93. In a decision dated December 7, 2009, the ARA denied the appeal based upon the finding that there was sufficient evidence to support the battery misconduct and that Mr. Whitmore was provided with a written statement of the evidence supporting the determination of guilt.

In accordance with Okla. Stat. tit. 57, § 564.1, Mr. Whitmore filed a petition for judicial review of the disciplinary decision in the District Court of

Oklahoma County, and the petition was denied. The Oklahoma Court of Criminal Appeals affirmed the district court's order denying relief.

Mr. Whitmore then sought relief in the federal district court, which initially referred the matter to a magistrate judge. The magistrate judge noted that its "records reflect that Petitioner has filed fourteen 28 U.S.C. § 2241 and 42 U.S.C. § 1983 actions in this court in the past three years, most of which challenge institutional disciplinary proceedings." Supp. Report & Recommendation at 5 n.2, R. Vol. 1 at 93. Mr. Whitmore claimed he had been denied due process because: there was not "some evidence" to support the finding of guilt in the disciplinary proceeding; there was no eyewitness to the incident; there was no evidence of his anger of hostile intent to commit a battery; and he did not admit to being actively involved in the altercation. As a second ground for relief, Mr. Whitmore claims he was denied the opportunity to call his witness "King." As a third ground for relief, Mr. Whitman alleges (similarly to his first ground for relief) that the written statement by the disciplinary hearing officer was inadequate because "it amounted to 'record keeping' not 'fact finding,'" it failed to explain why the officer discredited Mr. Whitman's evidence, and it failed to explain on "what part of the interview" the officer relied in finding him guilty.

The district court (having adopted the magistrate judge's report and recommendation) noted that, although it appears that Mr. Whitmore failed to raise the issue concerning the denial of his opportunity to present a witness in either his

administrative grievance process or in his state court petition for review, the defendant in this case has expressly waived any exhaustion defense. We accordingly deem this matter exhausted. See Williams v. Jones, 571 F.3d 1086, 1089 (10th Cir. 2009) (recognizing that the state may waive exhaustion defense with express waiver through counsel).

Turning to the merits of Mr. Whitmore's petition, the court denied him habeas relief, finding that "the evidence is sufficient to provide the 'modicum of evidence' necessary to support the finding of guilt." Supp. Report & Recommendation at 8, R. Vol.1 at 96 (adopted by the district court). The court also found that Mr. Whitmore was given the opportunity to present witnesses in his defense, and the statement of reasons entered by the disciplinary hearing officer was adequate to establish the finding of Mr. Whitmore's guilt. As the court concluded, Mr. Whitmore "was not denied due process in connection with the disciplinary proceeding, [and] he is not entitled to habeas relief." Id. at 97. Mr. Whitmore now seeks a COA to enable him to appeal that adverse decision.

**DISCUSSION**

Mr. Whitmore may not appeal the district court's decision without a COA. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). To obtain a COA, Mr. Whitmore must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Harris v. Dinwiddie, 642 F.3d 902, 906 (10th Cir. 2011) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Mr. Whitmore does nothing more in his application for a COA than recite the procedural history and then press a point he barely presented in his habeas petition below—i.e., that he was a member (he says a Board Member) of an organization called "T.A.S.K. (Teaching and Saving Kids) . . . a pilot program . . . [i]mplemented by the Warden. . . . The main purpose [of T.A.S.K.] at the time in question was to stop the gang/racial violence that had become rampant in the D.O.C." Appellant's Op. Br. and App. for COA at 2. He further claims now that he "was acting up under the guise or authorization of this pilot program" such that he "is pleading an 'actual innocence' claim, as one would that was charged with an ass[a]ult and battery, but was only defending his person. The required intent to cause bodily harm is missing." Id.

The district court observed that, "[b]ecause prison disciplinary proceedings 'are not part of a criminal prosecution,' inmates are not entitled to the full extent of the due process rights due to defendants in criminal prosecutions." Supp. Report & Recommendation at 6 (quoting Wolff v. McDonnell, 418 U.S. 539, 556

(1974)), R. Vol. 1 at 94. The court then properly analyzed the evidence presented in light of the standard for determining when the requirements of due process have been satisfied in prison disciplinary proceedings which may, as did Mr. Whitmore's, result in the loss of earned credits. Thus, the court considered "'whether the three steps mandated by <u>Wolff</u> were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings.'" <u>Id.</u> at 95 (quoting <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996)).

The district court carefully and fully explained why Mr. Whitmore's petition did not merit relief. Reasonable jurists could not dispute the propriety of the court's analysis and conclusions.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Whitmore a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge